IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 84-104

EARL TAYLOR,

      Petitioner,

    v.

HENRY RISLEY,

      Respondent.

FILED

MAY 31 1984

*Ethel M. Harrison*
CLERK OF SUPREME COURT
STATE OF MONTANA

ORDER AND OPINION

PER CURIAM:

Earl Taylor has filed herein a pro se petition for a writ of habeas corpus together with a brief in support thereof.

The respondent has filed a response thereto and a motion to deny the petition together with a memorandum in support thereof.

All have been examined and considered by the Court.

It appears that petitioner was convicted of the crime of robbery and the crime of second degree assault in the Cascade County District Court in 1971 and was sentenced to twenty years imprisonment and five years imprisonment respectively to be serve consecutively. While serving these sentences, petitioner escaped from prison, was caught, pled guilty to escape and on January 30, 1975, received a three-year sentence to be served consecutively to the other two sentences.

In April 1977, petitioner was released on parole. While on parole, petitioner was apparently convicted of burglary and theft in the State of Missouri and after serving

1

time there was returned to the Montana State Prison in December 1981 at which time petitioner's parole was revoked and 324 days of good time allowances earned by petitioner while on parole was likewise revoked.

Petitioner's conviction of robbery and second degree assault were affirmed on appeal by this Court.

Petitioner has filed four prior petitions with this Court. Two petitions were dismissed because they were filed pro se while petitioner was represented by counsel who was in the process of perfecting the appeal from the robbery and assault convictions in Cascade County, Montana. The third petition for post-conviction relief was denied. The last prior petition was denied because section 46-18-401(5), MCA, did not apply to petitioner and petitioner was directed to exhaust his remedies within the prison system.

Petitioner contends that his sentences began to run concurrently when he was paroled, that his good time earned while on parole was improperly revoked and that his good time earned for attending self-help groups should be calculated according to the statutes and regulations in effect at the time of his convictions, and that failure to do so denies him due process, equal protection and amounts to an ex post facto application of the laws.

Respondent denies each of petitioner's contentions.

IT IS ORDERED:

1. Petitioner's application for a writ of habeas corpus is denied for failure to state a claim on which habeas corpus relief can be granted.

The action of the Board of Pardons purporting to release petitioner on parole from all three consecutive sentences was and is illegal. All the time served, whether in

2

prison or on parole, applies only against the twenty-year sentence for robbery, and petitioner has never begun serving his sentence for second degree assault or escape.

Petitioner has no standing to challenge the constitutionality of section 46-18-401(5), MCA, which became effective on July 1, 1977, and was prospective in operation. Petitioner has not been paroled since that time. The statute does not apply to petitioner.

Petitioner has suffered no detrimental effects from application of current statutes in calculating his time rather than the statutes existing at the time of his conviction of the offenses, as the current statutes are more favorable to him than the former statutes.

2. The Clerk is directed to mail a true copy hereof to petitioner personally, to the Attorney General and to the County Attorney of Cascade County, Montana.

DATED this 31st day of May, 1984.

_____
Chief Justice

_____

_____

_____

_____

_____

_____
Justices

3